NO. 07-10-00189-CR; 07-10-00190-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 8, 2010

_____

MICHAEL DON DENTON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18,607-B, 18,608-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ABATE AND REMAND**

Appellant Michael Don Denton appeals his convictions and sentences. We will abate the appeals and remand the cases to the trial court for proceedings consistent with this order.

The record in these appeals was filed July 12, 2010, and appellant's brief was due August 11. Appellant did not file his brief and on August 25 we issued a letter notifying him that unless his brief was filed by September 7 the appeals would be abated and remanded to the trial court without further notice. Appellant did not file his brief but filed a motion requesting an extension for filing his brief. Appellant grounded

the motion on his counsel's heavy workload. The motion also referenced the possibility of voluntary dismissal. We granted the extension, giving appellant until September 27 to file his brief. Appellant did not file his brief or a motion to dismiss the appeal nor did he file a motion seeking a further extension of time to file his brief.

We now abate the appeals and remand both cases to the trial court for further proceedings.

On remand, the trial court is directed to immediately notice and conduct a hearing to determine:

1. whether appellant desires to prosecute the appeals;

2. whether appellant's retained counsel will diligently pursue the appeals;

3. if it is determined that present counsel will not diligently pursue the appeals, whether appellant is presently indigent, and if so, whether appellant is entitled to a free appellate record and appointed counsel on appeal.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court shall then file the supplemental record with the clerk of this court on or before November 8, 2010. Should further time be needed by the trial court to perform these tasks, then same must be requested before November 8, 2010. Finally, if the trial court determines that appellant

is entitled to appointed counsel and appoints counsel, it must inform this court of the name, address, telephone number, telefax number, and state bar number of the appointed counsel.

It is so ordered.

Per Curiam

Do not publish.